UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VALERIE CUTTING,

    Plaintiff,

v.                             Case No.: 25-1766

AVEANNA HEALTHCARE AS, LLC,

    Defendant.

---

Plaintiff, Valerie Cutting, through her undersigned attorneys brings the following Complaint against Defendant, Aveanna Healthcare AS, LLC:

## NATURE OF CASE

1.    Plaintiff, Valerie Cutting ("Cutting") alleges that her former employer, Defendant, Aveanna Healthcare AS, LLC ("Aveanna"), violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, et. seq.] by interfering with her right to take FMLA leave and terminating her employment because she exercised her FMLA rights.

## JURISDICTION AND VENUE

2.    Jurisdiction over Cutting's claims under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601-2654] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3.    The proper federal venue for this action pursuant to 28 U.S.C. § 1391, is the Eastern District of Wisconsin where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## CONDITIONS PRECEDENT

4.    All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## JURY DEMAND

5. Cutting demands that her case be tried to a jury of her peers.

## PARTIES

6. Plaintiff Cutting is an adult citizen of Wisconsin, domiciled at 772 Valley Forge Drive, Slinger, WI 53086.

7. Defendant Aveanna is a company created under the laws of the State of Wisconsin with offices located at 330 S. Executive Dr., Suite 110, Brookfield, WI 53005.

## OPERATIVE FACTS

8. Cutting commenced employment with the predecessor to Aveanna, as Branch Administrator on or around June 1, 2020.

9. Cutting worked more than 1,250 hours during her last twelve months of employment with Aveanna.

10. On July 5, 2025, Cutting was injured in a vehicle accident, resulting in a serious health condition.

11. Cutting was employed by Aveanna for more than 12 months as of July 9, 2025.

12. On July 9, 2025, Cutting requested and was granted FMLA leave commencing July 10, 2025, for her serious health condition.

13. On July 28, 2025, Cutting's doctor released her to work remotely four hours a day, with increased hours as tolerated.

14. On August 13, 2025, Cutting's doctor approved her return to work with minor restrictions that did not prevent Cutting from performing her regular sedentary position in her office.

15. On August 13, 2025, Aveanna refused to allow Cutting's return to work until she was free of all restrictions, stating: "Before clearing you to return to work, we will need your physician to complete a release to return to work from[sic] with no restrictions to allow a full recovery."

16. On September 16, 2025, Aveanna extended Cuttings' FMLA leave to October 22, 2025.

17. On October 13, 2025, Cutting's medical restrictions were reduced to a minor limitation in her left arm.

18. On October 19, 2025, Cutting submitted her return-to-work forms to Aveanna; asked for the next steps; and, gave notice that she had mild restrictions, could drive, was off pain meds, and did not need to wear a sling unless for comfort.

19. On October 21, 2025, Lilli Ann Hirsh ("Hirsh"), Director, People Services, asked Cutting to consider her restrictions in conjunction with her job description and actual job duties before having another call on October 22, 2025, when they would discuss whether Cutting could do her job safely.

20. During an October 22, 2025 call ("Call"), Hirsh notified Cutting and her husband by phone that Cutting would not be allowed to return to work, purportedly because she was not free of restrictions; she posed a risk to the business; Cutting's safety was their biggest concern; Cutting's job could no longer be held open; and, Cutting's leave would not be extended until her full recovery.

21.     During the October 22, 2025 Call, Cutting asked Hirsh if her employment was terminated, in response to which Hirsh falsely claimed that Cutting was leaving her employment with Aveanna voluntarily because her restrictions did not allow her to return to work safely.

22.     Aveanna retaliated against Cutting for exercising her FMLA rights and interfered with her exercise of FMLA rights.

## FIRST COUNT
## FMLA INTERFERENCE § 2615(A)(1)

23.     As and for a first count, Cutting re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

24.     Aveanna Healthcare AS, LLC deprived Cutting of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, Aveanna Healthcare AS, LLC was covered by the FMLA, Cutting was entitled to leave under the FMLA, she provided sufficient notice of her intent to take FMLA leave, and Aveanna Healthcare AS, LLC denied her FMLA benefits to which she was entitled.

25.     The allegations more particularly described above regarding the intentional discriminatory practices of Aveanna Healthcare AS, LLC, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

26.     The allegations more particularly described above caused Cutting wage loss, benefits loss, and expenses, all to her damage.

## SECOND COUNT
## FMLA RETALIATION § 2615(a)(2)

27. As and for a second count, Cutting re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

28. Aveanna Healthcare AS, LLC violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Cutting's employment because of FMLA-protected activity.

29. The allegations more particularly described above regarding the intentional discriminatory practices of Aveanna Healthcare AS, LLC were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993 [29 U.S.C. § 2601, *et. seq.*].

30. The allegations more particularly described above caused Cutting wage loss, benefits loss, and expenses, all to her damage.

WHEREFORE, Plaintiff, Valerie Cutting, demands relief as follows:

a) Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

b) The interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

c) Equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d) A reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e) Reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f) Costs of the action pursuant to 29 U.S.C. § 2617;

g) An additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

h) Such other relief as the court deems just and equitable.

Dated this 11th day of November, 2025.

*Electronically signed by Alan C. Olson*
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com